**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMILA FARMER, | : | **Civil Action No. 19-13437** |
| Plaintiff, | : | |
| v. | : | **(SRC) OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Jamila Farmer ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 26, 2012. A hearing was held before ALJ Kevin Kenneally (the "ALJ") on March 19, 2018, and the ALJ issued an unfavorable decision on May 3, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of May 3, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain additional exertional and non-exertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with three principal arguments: 1) the step two analysis is immune from judicial review; 2) at step three, the ALJ did not comply with the requirements of Diaz; and 3) the step four determination is not supported by substantial evidence.

Plaintiff first argues that the decision at step two is "immune" from judicial review. Plaintiff makes a series of arguments addressed to the internal workings of decision-making within the Social Security Administration. The ALJ's decision indicates that there was a first decision, followed by an appeal to the Appeals Council, a remand from the Appeals Council, and then a second decision, which is now before this Court on review. (Tr. 12.) Plaintiff makes a set of arguments about differences between the first decision and the second. (Pl.'s Br. 13-17.) In short, Plaintiff argues that the Commissioner has given no explanation for these differences, and that this "present[s] this Court with difficulties in applying judicial review." (Pl.'s Br. 17.)

Plaintiff has sought judicial review pursuant to 42 U.S.C. § 405(g), and no other statute.

2

Plaintiff is absolutely correct to state that, in this context, the internal workings of the Social Security Administration are "immune" from judicial review – but this is a feature of 42 U.S.C. § 405(g), not a reviewable defect in the Commissioner's decision.  The first sentence of the authorizing statutory provision, 42 U.S.C. § 405(g), states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . ."  The clear language of the statute restricts the scope of judicial review to "any *final* decision."  The first decision in this case is not a final decision of the Commissioner, nor are the processes of the Appeals Council, and so forth.  Only the *final* decision is reviewable.  The internal processes of the agency are, indeed, immune from judicial review.  Plaintiff has made no legal argument to the contrary.  Plaintiff has pointed to no error at step two.

     Plaintiff's remaining arguments, that the ALJ erred at steps three and four, suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

     As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. It is not enough to show the presence of an error. Pursuant to <u>Shinseki</u>, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps three and four, Plaintiff bears the burden of proof of disability; on appeal, <u>Shinseki</u> requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of <u>Shinseki</u>. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of <u>Shinseki</u>.

Plaintiff argues that, at step three, the ALJ did not give "meaningful" consideration to Plaintiff's obesity in combination with her other impairments, as required by the Third Circuit's decision in <u>Diaz</u>. Plaintiff admits that the ALJ wrote the following at step three:

> Although there is no specific medical listing for obesity, obesity can complicate and aggravate existing physical and mental impairments, causing the impairment(s) to meet or equal a listing. However, in this case the undersigned has evaluated the claimant's obesity pursuant to the guidelines set forth in SSR 02-0lp and has found that the functional effects of the claimant's obesity do not combine with her other impairments to meet or equal any medical listing.

(Tr. 17.) The ALJ expressly stated that he had considered the obesity in combination with other impairments at step three.

Nonetheless, Plaintiff argues that the ALJ failed to comply with Third Circuit law, as

4

stated in Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009). This is not persuasive. In Diaz, the Third Circuit stated: "Were there any discussion of the combined effect of Diaz's impairments, we might agree with the District Court" (that the ALJ did not err.) Id. at 504. In the instant case, at step three, the ALJ presented the discussion, quoted above, of the combined effect of Plaintiff's obesity in combination with her other impairments. Thus, the ALJ stated that he considered the issue, as required by Third Circuit law. In Diaz, the ALJ had made *no* reference to the consideration of obesity at step three. Diaz is distinguishable. Because, in the instant case, the ALJ stated that he considered the combined effect of obesity with the other severe impairments, and because the Diaz Court stated that any discussion might be sufficient, this Court concludes that the ALJ's statement that he considered the combination of impairments is sufficient under Third Circuit law.

Moreover, Plaintiff's Diaz argument has the effect of giving the Commissioner the burden of disproof of disability at step three, contrary to law. Plaintiff bears the burden of proof at step three. The Supreme Court has held: "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990). This is the law, and Diaz cannot be construed or applied so as to contradict Sullivan. Plaintiff did not even attempt to demonstrate that the medical findings are equal in severity to all the criteria for any Listing. The Commissioner bears no burden of disproof of equivalence. To the contrary, where, as here, the ALJ stated that he considered the impairments in combination, Shinseki teaches that it is Plaintiff who bears the burden of proof on appeal that the ALJ erred and that the error prejudiced

him.

Furthermore, SSR 02-1p, which is directed to the consideration of obesity in the sequential analysis, does not support Plaintiff's step three arguments, but weakens them:

> We will also find equivalence if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment.
> . . .
> However, we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

2002 SSR LEXIS 1 at *14-15.   Plaintiff here did not even attempt to make a demonstration that "the combination of impairments is equivalent in severity to a listed impairment."   Id.

Plaintiff next argues that the ALJ's residual functional capacity ("RFC") determination at step four is not supported by substantial evidence.   Plaintiff contends that the record contains only one RFC analysis of Plaintiff by a physician who evaluated her in person, Dr. Robles, and that the ALJ, in making the RFC determination, did not adopt it.   That is correct in relevant part.[1]   Plaintiff argues that "the [ALJ's] decisional RFC doesn't mention it."   (Pl.'s Br. 28.) That is nebulous and either misleading or incorrect.   The ALJ discussed the evidence from Dr. Robles at some length.   (Tr. 19-21.)   First, the ALJ described Dr. Robles' clinical observations. (Tr. 19-20.)   After reviewing some other evidence, the ALJ assembled the evidence to formulate the RFC.   (Tr. 20.)   The ALJ weighed the "mostly normal" physical exams reported by Drs. Ibrahim and Robles, the history of "minimal" treatment for her musculoskeletal pain, Plaintiff's

---

[1] As the discussion which follows will explain, it is correct that the ALJ did not adopt the RFC which Dr. Robles submitted on a form.   Plaintiff's summary of who else said what is inaccurate but irrelevant here.

6

reports of her own functioning, and the report of her primary care physician, and concluded that Plaintiff is capable of sedentary work with some additional limitations. (Tr. 20.) The ALJ reviewed the opinion evidence from Dr. Ibrahim, and then considered the opinion evidence from Dr. Robles. (Tr. 20-21.)

The ALJ observed that Dr. Robles had provided two separate opinions about Plaintiff's functioning, one in a narrative report, the other on a form. (Tr. 21.) Dr. Robles' narrative report found only minor postural and manipulative limitations. (Tr. 21.) The form submitted by Dr. Robles, however, said something very different:

> In a medical source statement form, Dr. Robles opined that the claimant could lift and carry at the heavy exertional level, but only sit for four hours and stand and walk for two hours in a workday, with additional manipulative, postural, and environmental limitations. (Bl 7F/6-12). However, Dr. Robles wrote that she was not sure whether the limitations would last 12 months. (Bl 7F/12). Dr. Robles' opinion is given limited weight, as her opinion in the narrative repo1i is inconsistent with her medical source statement form.

(Tr. 21.) Plaintiff has not challenged any of the ALJ's findings about the evidence from Dr. Robles. Given these findings, that Dr. Robles submitted two contradictory opinions, and that the opinion favored by Plaintiff contains the qualification – not mentioned by Plaintiff – that Dr. Robles was "not sure" that these limitations would last 12 months (Tr. 739), the ALJ's decision to give both opinions of Dr. Robles little weight appears entirely reasonable and supported by substantial evidence.

Plaintiff concludes by arguing that the ALJ's RFC determination is based only on lay speculation. Plaintiff, however, has mischaracterized the ALJ's reasoning. While it is correct that the ALJ gave little weight to the two contradictory opinions of Dr. Robles, the ALJ gave partial weight to the opinions of the agency medical consultants, and also to the opinion of Dr.

7

Ibrahim.  (Tr. 20-21.)  The ALJ based the RFC determination on the medical evidence of record and the medical opinions which were given partial weight.  Plaintiff has challenged none of the factual determinations made by the ALJ.  This Court finds no support for Plaintiff's contention that the RFC determination is based on the ALJ's lay speculation rather than the evidence of record.  To the contrary, the Court finds that the RFC determination is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                 s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.

Dated: November 12, 2020